UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDSEY LAIRD, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-01567-AGF |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiffs Lindsey Laird and Andre Roberts claim that during peaceful protests against police misconduct following the September 15, 2017, verdict in *State of Missouri v. Stockley*,[1] St. Louis Metropolitan Police Department (SLMPD) officers unlawfully pepper-sprayed, assaulted, and arrested them without provocation or cause. Plaintiffs brought this action under 42 U.S.C. § 1983 against the City of St. Louis and several SLMPD officers alleged to have participated in the relevant events. Plaintiffs allege that these Defendants violated their rights under the First, Fourth, and Fourteenth Amendments.

The matter is now before the Court on Defendants' motion (ECF No. 147) for a protective order to preclude the deposition of Heather Taylor, the City's Senior Advisor

---

[1] In *Stockley*, the Circuit Court of the City of St. Louis acquitted police officer Jason Stockley of charges arising from the death of Anthony Lamar Smith. *State v. Stockley*, No. 16220CR02213-01 (Mo. 22nd. Jud. Cir. Sep. 15, 2017).

to the Director of Public Safety, who oversees the SLMPD.[2] Taylor is also a former SLMPD officer and previously served as President of the Ethical Society of Police (ESOP), a union organization. She has made several public statements critical of SLMPD, including statements about racism within the SLMPD.[3]

Taylor was previously deposed in another lawsuit arising out of the *Stockley* protests, *Ahmad v. City of St. Louis*, Case No. 4:17-CV-2455 (E.D. Mo.). According to Defendants, Taylor made clear in the *Ahmad* deposition that she was not present at any of the relevant protests and that she had not worked with the SLMPD on any protest response. Thus, Defendants contend that Taylor has no relevant, non-duplicative information to offer in this case. Defendants believe that Plaintiffs noticed[4] the deposition of Taylor solely to disparage the reputation of SLMPD and its officers generally. Defendants request that the Court preclude the deposition of Taylor or, alternatively, that the Court limit Taylor's deposition to any specific knowledge she has related to Plaintiffs' claims alleging individual and municipal liability for unlawful arrest, use of excessive force, and First Amendment retaliation.

---

[2] Taylor is not a party to this lawsuit.

[3] Plaintiffs do not assert any race-based claims in this case.

[4] Defendants do not argue that the notice itself was procedurally improper or that a subpoena was required. *Cf.* 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2103 (3d ed.) (noting that "[e]xcept where the employee has been designated by the corporation under Rule 30(b)(6)" or is "an officer, director, or managing agent of a corporation or other organization that is a party to the suit," an organizational employee not individually named in the suit "is treated in the same way as any other witness [and] [h]is or her presence must be obtained by subpoena rather than by notice").

Plaintiffs oppose the City's motion, arguing that Taylor possesses knowledge relevant to Plaintiffs' claims alleging municipal liability. Specifically, Plaintiffs argue that Taylor has knowledge of the City's systemic failure to supervise, investigate or discipline SLMPD officers, including some of the officers individually named in this case, for police misconduct generally.

Upon careful consideration of the parties' arguments, in light of the proportionality concerns set forth in Rules 26 of the Federal Rules of Civil Procedure, the Court will grant Defendants' motion in part. The Court agrees with Defendants that Plaintiffs' municipal liability claim is limited to the City's policies, practices, and supervision failures related only to past incidents of police misconduct similar to the misconduct alleged in the complaint, not police misconduct generally, and to its failure to supervise, investigate, or discipline the particular SLMPD officers named as Defendants in this case. *E.g.*, *Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999) ("Evidence that a police department has failed to investigate previous incidents *similar to the incident in question* may support a finding that a municipal custom exists, and that such a custom encourages or allows officers to use excessive force without concern for punishment.") (emphasis added).

For this reason, the Court will limit the scope of Taylor's deposition to her knowledge related to the particular SLMPD officers named as Defendants in this case; to the specific incidents of excessive force, unlawful seizure, and retaliation at the *Stockley* protests described in the complaint; and to similar incidents within the SLMPD involving excessive force, unlawful seizure, or retaliation aimed at protestors or at perceived anti-

3

police expression.  Upon review of the record, it is not clear that Taylor's deposition in *Ahmad* covered these topics to such a degree as to render a deposition in this case duplicative.  Nor have Defendants demonstrated that Taylor lacks information responsive to these topics. Therefore, the Court will not preclude Taylor's deposition but will instead adopt, in part, Defendants' alternative proposal to limit the scope of the deposition.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Protective Order Precluding the Deposition of Heather Taylor is **GRANTED in part and DENIED in part** as set forth above.  ECF No. 147.  Taylor's deposition shall be limited to her knowledge related to the particular St. Louis Metropolitan Police Department (SLMPD) officers named as Defendants in this case; to the specific incidents of excessive force, unlawful seizure, and retaliation at the *Stockley* protests described in the complaint; and to similar incidents within the SLMPD involving excessive force, unlawful seizure, or retaliation aimed at protestors or at perceived anti-police expression.  ECF No. 147.

                                                              _____
                                                              AUDREY G. FLEISSIG
                                                              UNITED STATES DISTRICT JUDGE

Dated this 6th day of January, 2022.